LNE 5/20/2024
MCH / USAO 2024R00115

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. GLR 24cr163 |
| | * | |
| v. | * | (Possession of a Firearm by a |
| | * | Prohibited Person, 18 U.S.C. |
| TIRIQ MIKEL GRAY, | * | § 922(g)(1); Unlawful Possession of a |
| | * | Machinegun, 18 U.S.C. § 922(o); |
| Defendant. | * | Forfeiture, 18 U.S.C. § 924(d), 21 |
| | * | U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |

*******

### INDICTMENT

#### COUNT ONE
(Possession of a Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about January 22, 2024, in the District of Maryland, the Defendant,

**TIRIQ MIKEL GRAY,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms and ammunition, to wit, one Glock model 22, 40 caliber handgun, with a serial number of BEKS165 and equipped with one Glock switch conversion device, and 15 rounds of 40 caliber ammunition, and the firearms and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)




USDC- BALTIMORE
'24 MAY 22 PM4:26

## COUNT TWO
### (Unlawful Possession of a Machinegun)

The Grand Jury for the District of Maryland further charges that:

On or about January 22, 2024, in the District of Maryland, the defendant,

**TIRIQ MIKEL GRAY,**

did knowingly possess a machinegun, that is, a fully automatic, one Glock model 22, 40 caliber handgun, with a serial number of BEKS165 and equipped with one Glock switch conversion device.

18 U.S.C. § 922(o)

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One and Two of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of the offense(s) alleged in Counts One or Two of this Indictment, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense(s), including but not limited to:

   a. a Glock model 22, .40 caliber handgun, bearing serial number BEKS165;

   b. a Glock switch conversion device; and

   c. approximately 15 rounds of .40 caliber ammunition.

### Substitute Assets

3. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C.

3

§ 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Erek C. Barron/wch_
Erek L. Barron
United States Attorney

A TRUE BILL:

**REDACTED**
~~Foreperson~~

5-22-24
Date

USDC- BALTIMORE
'24 MAY 22 PM 4:26

4