UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Crim. No. BAH-24-0163 |
| | : |
| TIRIQ MIKEL GRAY | : |
| | : |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by counsel, hereby submits its sentencing memorandum in the above-captioned matter. For the reasons discussed below, the government recommends a sentence of 50 months' imprisonment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Tiriq Mikel Gray has pled guilty to possession of a firearm and ammunition by a previously convicted person in violation of 18 U.S.C. § 922(g)(1). In his plea agreement (ECF 25, attached as Exhibit 1), Gray has admitted to the following offense conduct (Exhibit 1 at 10-11):

On January 22, 2024, at approximately 2:36 pm, Baltimore Police Department (BPD) officers were covertly surveilling Frankford Plaza located at 5400 Sinclair Lane in Baltimore, Maryland. During this surveillance, officers observed the Defendant Tiriq Mikel Gray exit a Mercedes SUV (Maryland tag of 3EK5480) and enter a tobacco store located in the Plaza.

At the time, BPD officers were aware that Gray had three warrants for his arrest. Gray exited the tobacco store and reentered the Mercedes SUV. The Mercedes SUV proceeded to travel westbound away from Frankford Plaza. The Mercedes SUV was subsequently pulled over by police in the 7100 block of Pulaski Highway in Baltimore, Maryland.

When approaching the vehicle, BPD officers observed Gray, on the passenger side of the vehicle, briefly open the door and then close the door again as the officers approached. BPD officers then noticed Gray making movements to the rear side of the vehicle from his position in the front passenger seat of the vehicle. Gray was removed from the car and placed under arrest.

Police looked inside the car, in the area of the driver side back seat, which appeared to have been where Gray was reaching prior to being removed from the car. From the driver side rear floorboard of the car, police found one Glock model 22, 40 caliber handgun, with a serial number of BEKS165. Affixed to the firearm was a Glock "switch" device which appeared to be a machinegun conversion device. The firearm was loaded with 15 live rounds of ammunition.

Prior to the arrest in this case, on January 17, 2024, BPD officers were monitoring the Instagram account "1abmhuncho" (an Instagram account maintained by Gray) when they observed an Instagram "Stories" video in which an individual, later identified as Tiriq Gray, displayed a black firearm with a gold machine gun conversion device in his lap. The weapon being handled by Gray in the video was identical in appearance, both with respect to the firearm itself and the conversion device, to the aforementioned weapon found from the car on January 22, 2024.

The aforementioned firearm recovered on January 22, 2024 from the vehicle has been examined and found to be capable of firing in semi-automatic mode as well as automatic mode with the presence of the switch conversion device. The ammunition found in the weapon is ammunition designed for use in a firearm. The items were therefore a "firearm," a "machinegun," and "ammunition" as those terms are defined at 18 U.S.C. § 921. The firearm and ammunition were manufactured outside Maryland and therefore affected interstate commerce prior to the offense dates.

2

Prior to January 22, 2024, the Defendant had been convicted of "crimes punishable by more than one year imprisonment" as that phrase is used in 18 U.S.C. § 922(g)(1); the Defendant's convictions prior to January 22, 2024 included convictions classified as misdemeanors under Maryland law and that were punishable by more than two years imprisonment under Maryland law.  The Defendant had knowledge of his prior convictions and of the fact that his convictions were punishable by two years' imprisonment or more at the time of his possession of the firearm and ammunition described above on January 22, 2024.  All the above-described events took place in the District of Maryland.  *See* Exhibit 1, plea agreement at 10-11; PSR ¶¶ 5-12.

In the plea agreement, the parties have agreed pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the appropriate sentence is no less than 30 months' and no more than 50 months' imprisonment. Exhibit 1 at ¶ 8.

## SENTENCING GUIDELINES

The government agrees with the sentencing guidelines analysis stated in the Presentence Report.  The base offense level is 20 because the Defendant possessed a firearm as described at 26 U.S.C. § 5845(a) (specifically, the Glock handgun constituted a fully automatic machinegun due to the presence of the switch conversion device).  The parties anticipate a three-level downward adjustment for acceptance of responsibility, which will result in an adjusted offense level of 17.  At criminal history category VI (the Defendant has 13 criminal history points) the advisory sentencing range is 51-63 months' imprisonment.  PSR ¶ 70.

The government recommends a sentence of 50 months' imprisonment, one month below the guidelines range and the top end of the C-plea range.

**18 U.S.C. § 3553(a) FACTORS**

Under 18 U.S.C. § 3553(a), a sentencing court "shall impose a sentence sufficient, but not greater than necessary," to satisfy the purposes of sentencing set forth in § 3553(a)(2). The sentencing court should consider various factors, including (among other things)[1]:

- the nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. §3553(a)(1));

- the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; "to protect the public from further crimes of the defendant"; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner" (18 U.S.C. § 3553(a)(2));

- the applicable guidelines level ((18 U.S.C. § 3553(a)(4)); and

- the need to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (18 U.S.C. § 3553(a)(6)).

In this case, the § 3553(a) factors favor a sentence of 50 months' imprisonment. Specifically:

First, a 50-month the sentence would account for the nature and circumstances of the offense and would properly reflect the seriousness of the offense. *See* 18 U.S.C. §§ 3553(a)(1),

---

1   The government has not copied the entirety of § 3553(a) into this memorandum. The portions of the statute cited herein are the portions the government believes most relevant to this sentencing.

4

(a)(2)(A). The illegal possession of a loaded firearm by a person with a prior, significant criminal record is inherently a serious crime. That the Defendant's particular weapon was a fully automatic handgun (because of the "switch" conversion device) enhances the seriousness. The sentence should reflect the Defendant's decision to possess a machinegun.

Second, the Defendant's criminal history reflects a continuing tendency to possess firearms illegally and a continued failure to be deterred by law enforcement intervention. *See* 18 U.S.C. § 3553(a)(1) (providing that sentencing court should consider the history and characteristics of the offender). Overall, the Defendant has 13 criminal history points resulting in a criminal history category VI, the highest category under the guidelines. Gray has three prior convictions involving illegal firearms possession. *See* PSR ¶ 30 (2018 arrest, convicted of handgun on person and possession of firearm by a minor); 33 (2020 arrest); 34 (2022 arrest). Most recently, the Defendant has a conviction for failing to register as a gun offender. PSR ¶ 35 (2024 arrest). Finally, the Defendant was on state probation for his 2022 firearms offense when he possessed the firearm (a working machinegun) in this case. PSR ¶¶ 34, 37.

An obvious pattern emerges – the instant offense combined with the past convictions shows that the Defendant has a problematic proclivity for illegally possessing firearms. A substantial sentence is necessary here to send a clear message to the Defendant that he should not possess firearms. That is, unfortunately, a message that the Defendant has failed to absorb during his earlier three firearms prosecutions.

The Defendant's social media activity also illustrates that proclivity. Gray's social media postings show him possessing firearms on other occasions and even seeming to celebrate his possession of firearms:

5

- The factual stipulation makes reference to the fact that a video posted on the Defendant's Instagram account shortly before his arrest showed him in possession of the firearm (with its conversion switch) in this case. Still images from the Instagram video show that the Defendant possessed the firearm at that time, along with a quantity of what appears to be marijuana.
- A federal search warrant was obtained for the same Instagram account. Instagram images and videos from the account showed a series of photos and videos posted on December 19, 2024. The images show a variety of firearms:



*December 19, 2024 Instagram "Story" video still shot*



*December 19, 2024 Instagram "Story" video still shot*



*December 19, 2024 Instagram "Story" video still shot*

- The Defendant's Instagram account also included text conversations during which

the Defendant discussed firearms and the possibility of firearms transactions.

Finally, a 50-month sentence is necessary to serve the purposes of sentencing stated in 18 U.S.C. § 3553(a). Specifically:

- The Defendant's possession of a firearm at a time when he was on probation for an earlier firearms offense and in the wake of multiple firearms convictions warrants a lengthy sentence to promote respect for the law. 18 U.S.C. § 3553(a)(2)(A).

- The Defendant's tendency to possess firearms illegally – over and over again – exposes innocent people around him to risk from the possible violence that can erupt when guns are illegally in the hands of convicted felons. A substantial sentence is necessary to protect the public from those continued risks and dangers. *See* 18 U.S.C. § 3553(a)(2)(C).

- Finally, the Defendant's long record of illegal firearms convictions, his firearms conviction in this case, and his particular decision to possess a handgun that operated as a machinegun call for reasonable messages of general deterrence. *See* 18 U.S.C. § 3553(a)(2)(B). The sentence should deter firearms possession by convicted persons in general; it should particularly deter people who decide to possess firearms after compiling lengthy records of firearms offenses; it should particularly deter people who decide to disregard requirements of state probation by committing more firearms offenses; and it should particularly deter people from deciding to possess machineguns. A 50-month sentence is necessary to provide those messages of deterrence.

The Defendant illegally possessed a deadly, dangerous weapon. He made that deadly

weapon even more dangerous with the use of the switch device. He did all that in the wake of three prior firearms convictions and while on probation for a firearms conviction. A sentence of 50 months' imprisonment is clearly appropriate under those circumstances.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court sentence the Defendant to 50 months' imprisonment.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____/s/_____
Michael C. Hanlon
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
410-209-4895
Michael.hanlon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, a copy of the foregoing was sent by ECF service to:

Tyler Mann, Esquire

_____/s/_____
Michael C. Hanlon
Assistant United States Attorney